| B 104<br>(Rev. 8/99) | **ADVERSARY PROCEEDING SHEET**<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(For Court Use Only) |
|---|---|---|

| PLAINTIFF<br><br>Daryl Terrance Canfield, Jr. | DEFENDANT<br>Option 1 Legal<br>Gardner Legal LLC<br>Phiona Gardner<br>10440 Little Patuxent Parkway, Ste 300<br>Columbia, MD 21044 |
|---|---|
| ATTORNEYS<br>Keith Slocum<br>Harlan, Slocum & Quillen<br>P.O. Box 949<br>Columbia Tn 38402-0949<br>931/381-0660<br>bknotices@robertharlan.com | ATTORNEYS (if known) |

PARTY (Check one box only)  ☐ U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☒ 3 U.S. NOT A PARTY

**CAUSE OF ACTION: complaint seeking to avoid a pre petition transfer of property, for damages for violations of the Tennessee Consumer Protection Act and breach of fiduciary duties and any other relief that the Court determines to be appropriate.**

## NATURE OF SUIT

(Check the one most appropriate box only)

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☒ | 454 | To recover money or property | ☐ | 455 | To revoke an order of confirmation of a Chapter 11 or Chapter 13 Plan | ☐ | 456 | To obtain a declaratory judgment relating to any of the foregoing causes of action |
| | | | ☐ | 426 | To determine the dischargeability of a debt 11 U.S.C. § 523 | | | |
| ☐ | 435 | To determine validity, priority, or extent of a lien or other interest in property | | | | ☐ | 459 | To determine a claim or cause of action removed to a bankruptcy court |
| | | | ☐ | 434 | To obtain an injunction or other equitable relief | | | |
| ☐ | 458 | To obtain approval for the sale of both the interest of the estate and of a co-owner in property | | | | ☐ | 498 | Other (specify) |
| | | | ☐ | 457 | To subordinate any allowed claim or interest except where such subordination is provided in a Plan | | | |
| ☐ | 424 | To object or to revoke a discharge 11 U.S.C. § 727 | | | | | | |

| ORIGIN OF PROCEEDING<br>(Check one box only) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND<br>greater than $100,000.00 | OTHER RELIEF SOUGHT | | ☐ JURY DEMAND |
|---|---|---|---|---|

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br><br>Daryl Terrance Canfield, Jr. | | BANKRUPTCY CASE NUMBER   20-01286-RM1-13 |
| DISTRICT IN WHICH CASE IS PENDING<br><br>**Middle District of Tennessee** | DIVISIONAL OFFICE   **Columbia** | NAME OF JUDGE   Randal Mashburn |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NUMBER |
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |
| FILING FEE        ☐   FEE ATTACHED        ☒   FEE NOT REQUIRED        ☐   FEE IS DEFERRED<br>(Check one box only) | | |
| DATE<br><br>August 3, 2020 | PRINT NAME<br><br>**Keith D. Slocum** | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>**\s\ KEITH D. SLOCUM** |

(Rev. 8/99)

**ADVERSARY PROCEEDING COVER SHEET (Reverse Side)**

This cover sheet must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the Clerk of the Court upon the filing of a complaint initiating an adversary proceeding.

The cover sheet and the information contained on it *do not* replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. This form is required for the use of the Clerk of the Court to initiate the docket sheet and to prepare necessary indices and statistical records. A separate cover sheet must be submitted to the Clerk of the Court for each complaint filed. The form is largely self-explanatory.

**Parties.** The names of the parties to the adversary proceeding *exactly* as they appear on the complaint. Give the names and addresses of the attorneys if known. Following the heading "Party," check the appropriate box indicating whether the United States is a party named in the complaint.

**Cause of Action.** Give a brief description of the cause of action including all federal statutes involved. For example, "Complaint seeking damages for failure to disclose information, Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq.," or "Complaint by trustee to avoid a transfer of property by the debtor, 11 U.S.C. § 544."

**Nature of Suit.** Place an "X" in the appropriate box. Only one box should be checked. If the cause fits more than one category of suit, select the most definitive.

**Origin of Proceedings.** Check the appropriate box to indicate the origin of the case:

1. Original Proceeding.
2. Removed from a State or District Court.
4. Reinstated or Reopened.
5. Transferred from Another Bankruptcy Court.

**Demand.** On the next line, state the dollar amount demanded in the complaint in thousands of dollars. For $1,000, enter "1," for $10,000, enter "10," for $100,000, enter "100," if $1,000,000, enter "1000." If $10,000,000 or more, enter "9999." If the amount is less than $1,000, enter "0001." If no monetary demand is made, enter "XXXX." If the plaintiff is seeking non-monetary relief, state the relief sought, such as injunction or foreclosure of a mortgage.

**Bankruptcy Case In Which This Adversary Proceeding Arises.** Enter the name of the debtor and the docket number of the bankruptcy case from which the proceeding now being filed arose. Beneath, enter the district and divisional office where the case was filed and the name of the presiding judge.

**Related Adversary Proceedings.** State the names of the parties and six-digit adversary proceeding number from any adversary proceeding concerning the same two parties or the same property currently pending in any bankruptcy court. On the next line, enter the district where the related case is pending and the name of the presiding judge.

**Filing Fee.** Check one box. The fee must be paid upon filing unless the plaintiff meets one of the following exceptions. The fee is not required if the plaintiff is the United States government or the debtor. If the plaintiff is the trustee or a debtor in possession and there are no liquid funds in the estate, the filing fee may be deferred until there are funds in the estate. (In the event no funds are ever recovered for the estate, there will be no fee.) There is no fee for adding a party after the adversary proceeding has been commenced.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the right of the last line of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is *pro se*, that is, not represented by an attorney, the plaintiff must sign.

The name of the signatory must be printed in the box to the left of the signature. The date of the signing must be indicated in the box on the far left of the last line.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:

Daryl Terrance Canfield, Jr.                                BK:    20-01286-RM1-13
Debtor

Daryl Terrance Canfield, Jr.
Plaintiff

vs.

Option 1 Legal                                              Adv.  No.
Defendant

## **Complaint Seeking Damages**

1.      Jurisdiction is conferred on this Court pursuant to the provisions of scetion1334 of

Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-

captioned Chapter 13 case under Title 11 and concerns property of the Debtor.

2.      This Court has both personal and subject matter jurisdiction to hear this case pursuant

to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United

States Code.

3.      This Court has supplemental jurisdiction to hear all state law claims pursuant to

Section 1367 of Title 28 of the United States Code.

4.       Pursuant to Fed. R. Bankr. P. 7008(a), Plaintiff states that portions of this complaint

are core proceedings within the meaning of 28 U.S.C. § 157 and portions are non-core.  With respect

to any non-core claims, Plaintiff consents to the entry of final orders or judgment in this adversary

proceeding by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the

parties, cannot enter final orders or judgment consistent with Article III of the United States

Constitution.  Further, to the extent that any court determines that the Bankruptcy Court does not have

the authority to enter a final judgment on any cause of action set forth herein, Plaintiff requests that

the Bankruptcy Court issue a report and recommendation for a judgment to the United States District

Court for the Middle District of Tennessee on any such cause of action.

5.  Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States

Code.

## Parties

6.  The Plaintiff in this case was and is a debtor under Chapter 13 of Title 11 of the

United States Code in case number 20-01286 which case is presently pending before this court.

7.  The Defendant, Option 1 Legal, is a corporation allegedly engaged in the business of

"debt management". Option 1 Legal is registered with the Maryland Secretary of State.

## Factual Allegations

8.  The plaintiff's Chapter 13 case was filed with United States Bankruptcy Court for the

Middle District of Tennessee, Columbia Division on February 28, 2020.

9.  On or about May 11, 2019, the Plaintiff entered into an agreement with the Defendant.

This agreement required the Plaintiff to remit monthly payments to the Defendant who would use that

money to "negotiate" settlements with the Plaintiff's creditors. The Plaintiff knew he could not pay

his credit card debts in full due to the interest and fees being assessed each month and placed his

confidence in the defendant's stated ability to assist him with his financial situation. The agreement is

attached as "Plaintiff's exhibit 1".

10.  The Plaintiff remitted a total of approximately $4,649.19 in funds to the Defendant

in monthly installments from June, 2019 to February, 2020, relying on the defendant's representations

that his contributions would go towards the settlement and litigation of defending his debt's. The

Defendant misled the Plaintiff into thinking these payments would go towards the settlement and litigation of defending his debt's.

11.    The Defendant did not negotiate the Plaintiff's debt and instead applied the funds toward the Plaintiff's retainer fee's, administration fee's and monthly service charges, as attached as exhibit 2.

12.    Following a letter providing proof of the bankruptcy and requesting that Plaintiff's money be returned, the Defendant applied all of the monies with the exception of $500.69 to their fee's and refunded the Defendant the $500.69, as attached as exhibit 3.

### First Claim for Relief-
### (Avoidance of Fraudulent Transfers)

13.    The allegations in paragraphs 1 through 12 of this complaint are re-alleged and incorporated herein by this reference.

14.    11 U.S.C. Section 548(a)(1)(B)(I) allows the Bankruptcy Trustee to avoid an transfer of a Plaintiff's interest in property that occurred within two years proceeding the filing of the petition where as a result of such transfer the Plaintiff "received less than a reasonably equivalent value in exchange for such transfer".

15.    The defendant received approximately $4,649.19 from the Plaintiff between June, 2019 and February, 2020  These transfers constitute involuntary transfers within the definition of 11 U.S.C. 548 and 522.

16.     The Plaintiff filed his bankruptcy petition with this court on February 28, 2020 Therefore, all transfers were made within the two year period prior to the commencement of the case.

17.     The Plaintiff received far less than a reasonable equivalent in value from these transfers in that the Defendant did not provide any services in exchange for the money payments. Despite only providing nominal services to the Plaintiff, the Defendants collected $4,649.19.

18.     Pursuant to Section 548(a)(1)(B)(I) these pre–petition transfers were Fraudulent transfers made involuntarily by the Plaintiff to the Defendants and should be returned to the bankruptcy estate pursuant to Section 541.

## Second Claim for Relief-
### (FRAUD-INTENTIONAL MISREPRESENTATION)

19.     The allegations in the preceding paragraphs are re-alleged and incorporated herein by this reference.

20.     Defendant has made material misrepresentations to the Plaintiff, see Exhibit 1. Specifically, the Defendant represented that the Defendants would "assist with the resolution of burdensome debt". The Defendant did not provide any litigation defense services.

21.     When Defendant made the material representation, it (i) knew that the material representation was false, or (ii) made the material representation recklessly without any knowledge of its truth and as a positive assertion.

22.     Plaintiff has suffered damages as a result of Defendant's material misrepresentation.

## THIRD CLAIM FOR RELIEF-
### (NEGLIGENT MISREPRESENTATION)

23.     Plaintiffs incorporate by reference all of the above factual allegations and Exhibits as if fully set forth herein.

24.     Defendant has made negligent misrepresentations to the Plaintiff, see Exhibit 1. Specifically, the Defendant represented that the Defendant would "assist with the resolution of

burdensome debt". The Defendant did not provide any litigation defense services. He paid monies to the Defendant to handle his financial situation and the Defendant took his money and gave him little, if any, assistance.

25.     Based on information and belief, the Defendant is not licensed to practice in Tennessee. The Defendant also gave the Plaintiff legal advise regarding bankruptcy, see Exhibit 1.

26.     Plaintiff has suffered damages as a result of Defendant's misrepresentation

27.     Based on foregoing, Defendant is liable to the Plaintiff and the Plaintiff is entitled to damages and equitable relief.

## V. Actual Damages

28.     The Plaintiff incorporates herein by reference all preceding paragraphs as if fully set forth herein.

29.     In this case, the Plaintiff has suffered the following actual damages:

   a.     Travel expenses
   b.     Attorney fees
   c.     Mailings
   d.     Paying fees and charges that unauthorized, illegal and/or unnecessary
   e.     Emotional distress

**WHEREFORE,** the Plaintiff having set forth her claims for relief against the Defendant respectfully prays of the Court as follows:

A.     That the Pre Petition transfer of $4,649.19be avoided pursuant to 11 U.S.C.
       Section 548;

B.     That based on the Plaintiff's second claim for relief, the Plaintiff be awarded equitable
       relief, including but limited to injunctive relief, compensatory and punitive damages
       including attorney's fees, for the Defendant's fraud-intentional misrepresentations.

C.    That based on the Plaintiff's third claim for relief, the Plaintiff be awarded equitable

relief, including but limited to injunctive relief, compensatory and punitive damages

including attorney's  fees,  for the Defendant's negligent misrepresentations.

D.    That this Court order the Defendant to pay additional damages for the emotional

distress created by the Defendant's breach of the Fiduciary Duties it owed to the

Plaintiff.

E.    That the Plaintiff have and recover against the Defendant all reasonable legal

fees and expenses incurred by her attorney;

F.    That the Plaintiff have such other and further relief as the Court may deem just and

proper.

Respectfully Submitted,


/s/ KEITH D.SLOCUM
Keith D. Slocum BPR NO. 023024
Harlan, Slocum & Quillen
Attorney for the Plaintiff
P.O. Box 949
Columbia, TN 38402-0949
Phone - 931/381-0660
Fax - 931/381-7627
bknotices@robertharlan.com



List of Exhibits to the Complaint


Exhibit #1.    Contract with defendant
Exhibit #2.    Account activity statement
Exhibit #3.    Refund check stub